24 C.C.P.A.(Patents)

## In re LAUCKS et al.

### Patent Appeal No. 3699.

Court of Customs and Patent Appeals.
Jan. 4, 1937.

Fay, Oberlin & Fay, of Washington, D. C. (Almon S. Nelson, of Washington, D. C., of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D.

834

C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

A number of claims of appellants' application for a patent relating to a glue composition and the process of making it were allowed by the United States Patent Office, and appeal has been taken here from a decision of the Board of Appeals, affirming that of the Primary Examiner, in rejecting a large number of claims, of which claims 1 and 19 are illustrative of the article and the process claims, respectively, and follow:

"1. A glue composition, comprising a vegetable protein material, an agent co-operating therewith but having a side effect of ultimately shortening the spreading-life of the glue by change of its initial consistency through development of thickening, and an agent for preventing such change in the consistency of the glue."

"19. The process of making a glue, which comprises incorporating with a vegetable protein material casein and an agent providing a sulfur derivative of carbonic acid, and preventing premature shortening of the spreading-life of the glue by introducing a thickening-inhibiting component."

The sole reference relied upon, Laucks et al., 1,691,661, November 13, 1928, is appellants' own patent, not issued more than two years prior to the filing of the instant application, and the Patent Office tribunals have not regarded it as prior art, but referred to it as showing by its claims what subject-matter has already been patented to appellants.

With the exception of claims 19, 36, 46, and 47, the examiner rejected the claims on two grounds: First, breadth of claims; second, rejection in view of the claims already allowed in appellants' patent. Said claims 19, 36, 46, and 47 were not rejected upon appellants' prior patent but upon the so-called breadth of the claims. The Board of Appeals stated that the examiner rejected all the claims on the ground that they are too broad and that "All of the appealed claims except 19, 46 and 47 have also been rejected on applicants' prior patent."

It will be noted that claim 1 calls for a glue composition, comprising a vegetable protein material, and "an agent cooperating therewith but having a side effect of ultimately shortening the spreading-life of the glue by change of its initial consistency through development of thickening, and an agent for preventing such change in the consistency of the glue," and in claim 19 is the expression "and preventing premature shortening of the spreading-life of the glue by introducing a thickening-inhibiting component." Similar expressions in the various rejected claims are, by appellants, urged as lending patentability to them.

On the breadth of the claims referred to by the tribunals the examiner stated:

"Claims 1, 17, 19, 25, 30, 31, 34, 35, 38, 39 and 47 are rejected as too broad in the recital: 'an agent cooperating therewith but having a side effect of ultimately shortening the spreading life of the glue by change of its initial consistency through development of thickening.' We have already referred to this agent as a thickening hastening agent (3) and shall for convenience use the term—thickener. In the specification we find that these thickeners are adeled [added] in order to improve the spreading and flow of the glue, and the water resistance. Examples given are carbon bisulfide and calcium polysulfide. It is further stated that other sulfur compounds of 'like properties or constitution' are suitable 'compounds of special utility being those which provide a sulfur derivative of carbonic acid.' Accordingly claims have been allowed which recite this latter class. And claims have been rejected which recite thickeners in functional, general, terms only.

"It cannot be held here that the class of thickeners is one having a community of chemical or physical characteristics definitely recognized in scientific classification (Ex parte Burke, 441 O.G. 509). * * *

"Claims 1, 17, 19, 25, 30, 31, 34, 35, 38, 39 and 47 are too broad and functional in the thickeners; claims 1, 17, 19, 37, 40 and 46 are too broad and functional in 'anti-thickening' agents. * * *."

The Board of Appeals, referring to the action of the examiner, stated: " * * * He also refers to such expression as appears in claim 37 ' * * * an agent for inhibiting the tendency of the latter to deevlop [develop] a change in the initial

consistency of the glue.' It is the position of the examiner that there are no accepted identifiable classes of substances which can be said to be either glue thickener or anti-glue thickeners. Applicants have named different substances which they allege serve this function, and argue that they are entitled to broad claims. * * *"

It will be noted that the applicants refer to specific thickeners and anti-thickeners in their specification, but that they are not named in the claims. It was the opinion of the tribunals below that the claims were broader than appellants' invention, and it is pointed out that the claims do not recite any specific proportion of the elements so as to perform a new function because of such proportion and as stated by the board: "* * * It is clear that chemists have not recognized any particular class of substances that perform the functions set forth. Hence to merely recite the functions of such substances, clearly renders the claims indefinite and functional and covers a range beyond applicant's disclosures."

We think the claims are indefinite to the extent that the applicants have not complied with section 4888 of the Revised Statutes, as amended (35 U.S.C.A. § 33), in that they have failed to state their invention "in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, compound, and use the same."

As a ground of rejection the board held that the claims were indefinite and functional. We think their rejection amounts to a holding that they were so indefinite as to constitute a failure on the part of the applicants to comply with the requirements of the said statute above quoted.

The decision of the Board of Appeals is affirmed.

Affirmed.